# United States Court of Appeals
# for the Fifth Circuit

No. 21-11124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2022

Lyle W. Cayce
Clerk

Norris Lynn Fisher,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security;
NFN McMamee, Account Representative; Employee;
Unknown Defendants, Security Administration,
Washington and Fort Worth,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:21-CV-1178

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

In December 2009, Mr. Fisher was approved for social security benefits, with payments set to begin in March 2010. But things did not quite

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11124

go according to plan. Fisher was arrested in February 2010 for creating and filing forged heirship affidavits and warranty deeds in an attempt to fraudulently obtain real estate. He was sentenced to 20 years in federal prison, and his benefits were suspended for the duration of his incarceration. *See* 20 C.F.R. § 404.468(a). After serving a decade of his sentence, Fisher was sent to home confinement as part of the Bureau of Prison's COVID-19 response.

Now, Fisher wants the chance to receive benefits. He alleges that an employee of the Social Security Administration (SSA) told him in a phone conversation that he is still incarcerated, and therefore ineligible for benefits. He brought this suit in April 2021, arguing that his home confinement should not prevent him from reapplying for benefits.

On the recommendation of the magistrate judge, the district court dismissed the case. The magistrate judge found that Fisher had failed to comply with 28 U.S.C. § 405(g), which requires parties to obtain a final decision from the SSA before bringing suit. It also noted that Fisher has "wholly failed" to bring legally cognizable claims against any of the defendants except for the Commissioner of the Social Security Administration. The district court dismissed the case without prejudice.

On appeal, Fisher essentially raises two arguments as to why the district court erred. First, he asserts that 28 U.S.C. § 405(g) only covers the *denial* of benefits, whereas he seeks the *opportunity to reapply* for benefits. Second, he claims that he was unable to exhaust his administrative remedies because the SSA has ignored his filings.

This court agrees with the district court and the magistrate judge. According to 28 U.S.C. § 405(h), "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed" outside of

No. 21-11124

28 U.S.C. § 405(g)'s framework.  Regardless of the remedy that Fisher seeks from this court, his suit must comport with this requirement.

Moreover, he never properly filed with the SSA.  Based on his own allegations, he first spoke with an SSA employee over the phone, who told him he was still incarcerated and thus ineligible for benefits.  Then he spoke with two Bureau of Prisons employees, who told him he was not incarcerated.  Afterward, Fisher contacted Senator John Cornyn's office about the issue.  Then he filed suit.  If Fisher wishes to obtain benefits, he must first properly file formally with the SSA, and then obtain a final decision on his claim if his application is denied.  Because he has not even alleged that he has done so, his suit must be dismissed.

The judgment below is AFFIRMED.